UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

Ricardo Onoroto,             Civil Action No. 18-cv-01923-JRB

    Plaintiffs,             The Honorable John R. Blakey

v.

State Collection Service, Inc.,

    Defendant.

---

## JOINT INITIAL STATUS REPORT

**1. Service**

All parties have been served.

**2. Nature of the Case**

    A.    Attorneys of Record:

        <u>Plaintiff</u>
        Celetha Chatman
        Michael Wood (Lead Trial Attorney)
        Sarah Barnes
        *Community Lawyers Group Ltd.*
        73 W. Monroe Street, Suite 514
        Chicago, IL 60603

        <u>Defendant</u>
        Patrick D. Newman (Lead Trial Attorney; member of the trial bar)
        Bassford Remele, PA
        100 South Fifth Street, Suite 1500
        Minneapolis, MN 55402

B.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

Defendant denies that the Court has jurisdiction because plaintiff lacks a concrete injury-in-fact.

C.    Claims Asserted in Complaint and Defenses

    i.    Plaintiff claims SCS failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

    ii.    Defendant denies that Plaintiff, or his counsel, properly disputed any debt with Defendant. Defendant further alleges that Plaintiff, and/or his counsel, intentionally faxed a vague and ambiguously-worded letter to Defendant in an effort to set up this litigation. Accordingly, to the extent that Plaintiff has a cognizable claim under the FDCPA—which is denied—he is entitled to a maximum of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); Plaintiff should not be awarded any attorneys' fees in this matter.

        Defendant further alleges the bona fide error defense and lack of standing.

D.    Major Legal and Factual Issues

    i.    **For Plaintiff:** Whether Plaintiff is a consumer; whether Defendant is a debt collector as defined by the FDCPA; whether the communications made by Defendant violated the FDCPA; and validity of Defendants' affirmative defenses.

    ii.    **For Defendant:** Whether the letter attached to Plaintiff's Complaint as Exhibit C contains a valid "dispute" pursuant to 15 U.S.C. § 1692c(c) and § 1692e(8).

        Whether the amount of time Plaintiff alleges Defendant had to act was a reasonable amount of time.

        Whether Plaintiff can demonstrate that his credit score was "materially lowered" as a result of Defendant's alleged actions, or that he suffered any damages at all.

Whether Plaintiff has Article III standing.

Whether Defendant's alleged failure to mark Plaintiff's outstanding obligation as disputed resulted from a bona fide error.

Whether Plaintiff, and his counsel, brought this case in bad faith and for purposes of harassment. *See* 15 U.S.C. § 1692k(a)(3). Defendant alleges that the letter appears in similar form to the letter at issue in *Tejero v. Portfolio Recovery Associates LLC et al*, No. AU-16-cv-767-SS, 2018 WL 1612856 (W.D. Tex. Apr. 2, 2018), in which the court sanctioned Plaintiff's counsel for bringing a FDCPA "lawsuit in bad faith and for harassment purposes," by engaging "in a scheme to force settlements from debt collectors by abusing the FDCPA." *Id*. at *3. In short, Defendant alleges Plaintiff's counsel here, as in *Tejero*, intentionally obfuscated the alleged "dispute" in a scheme designed to set up this action in contravention of the Congressional purpose underlying the FDCPA, as well as § 1692k(a)(3) (prohibiting the filing of FDCPA actions "in bad faith and for the purpose harassment"). As such, even in the event Defendant were liable to Plaintiff for his alleged claims—which is denied—Plaintiff's counsel should not be awarded any attorneys' fees allegedly incurred in furtherance of this scheme under any circumstances, and should instead be required to pay Defendant's fees incurred in defending this action.

E. Damages Sought

i. **For Plaintiff:** Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); Such other or further relief as the Court deems proper.

ii. **For Defendant:** Defendant seeks its reasonable attorneys' fees and costs incurred in defending this action pursuant to 15 U.S.C. § 1692k(a)(3).

3. **Pending Motions and Case Plan**

A. No motions are pending.

B. Case Plan

i. Mandatory Initial Discovery Pilot Project

    a. All parties have read the Standing Order regarding the mandatory initial discovery pilot project and plan to comply with the initial discovery responses;

    b. The parties have not yet had any discussions regarding mandatory initial discovery responses. Plaintiff will serve MIDP responses on May 12, 2018. Defendant intends to serve its initial discovery responses on or before May 12, 2018.

ii. Proposed Discovery Plan:

    a. Fact Discovery will be needed, including interrogatories, requests for production, and requests for admission;

    b. The parties will make their Rule 26(a)(1) disclosures in conjunction with their MIDP initial discovery responses;

    c. Fact Discovery will open May 15, 2018 and close on October 15, 2018;

    d. The Parties anticipate the need for a confidentiality order in this matter regarding Defendant's internal compliance policies and procedures and credit reporting policies and procedures;

    e. The Parties do not anticipate the need for any HIPAA waivers in this matter;

    f. The parties will need approximately 2-3 depositions;

    g. Plaintiff does not anticipate the need for expert discovery. Defendant does not anticipate the need for expert discovery. To the extent expert necessary is required, experts will be disclosed by August 15, 2018, and expert discovery will close on November 15, 2018;

    h. Dispositive Motions must be filed by December 15, 2018;

    i. The case should be set for trial on March 4, 2019;

- 5 -

      j.      Plaintiff demands a jury trial, which the Parties anticipate will last 1-2 days.

**4.** **Consent to Proceed before Magistrate Judge**

The Parties do not unanimously consent to proceed before a Magistrate Judge on all matters at this time

**5.** **Settlement**

    A.    Plaintiff has made a demand at this time. Defendant served a Rule 68 Offer of Judgment upon Plaintiff, through his counsel, on April 11, 2018.

    B.    The Parties do not believe a settlement conference would be productive at this time.

 

**BASSFORD REMELE**
*A Professional Association*

Dated: April 23, 2018        By: s/ Patrick D. Newman
                                                Patrick D. Newman (WI#1093942)
                                                100 S. Fifth Street, Suite 1500
                                                Minneapolis, Minnesota 55402-1254
                                                Telephone: 612-333-3000
                                                Fax: 612-333-8829
                                                pnewman@bassford.com
                                                *Attorneys for State Collection Service, Inc.*

## CERTIFICATE OF SERVICE

I, Celetha Chatman, an attorney, hereby certify that on April 23, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: April 23, 2018**  Respectfully submitted,

By: ___/s/ *Celetha Chatman*